**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL DEMARCO,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No. 21-16153 (GC) (TJB)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

This matter comes before the Court upon Plaintiff Paul Demarco's letter filed September 1, 2023 (ECF No. 13), requesting an extension to appeal the Order entered on August 10, 2022 (ECF No. 12). On September 8, 2023, the Court ordered that each party show cause as to whether the Court may reopen the time for Plaintiff to file an appeal of the August 2022 Order. (ECF No. 15.) Responses were timely filed by Plaintiff (ECF No. 16), the Commissioner of Social Security (ECF Nos. 18, 20), and Plaintiff's former counsel (ECF No. 19). At issue is whether Plaintiff is entitled to relief under Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6).

On August 10, 2022, the Court entered an Opinion and Order affirming the Commissioner's decision to deny Plaintiff's application for disability insurance benefits under Title II of the Social Security Act. (ECF Nos. 11, 12.) At the time, Plaintiff was represented by former counsel. Plaintiff had 60 days to appeal the August 2022 Order, but he never did so. (*See generally* Docket Sheet.) *See* Fed. R. App. P. 4(a)(1)(B)(iii) ("The notice of appeal may be filed

by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . a United States officer or employee sued in an official capacity.").

On September 1, 2023, more than a year later, now-*pro se* Plaintiff filed a letter effectively alleging that he did not receive notice of the Court's "denial" within 21 days after entry and thus could not appeal within the 60-day period. (ECF No. 13.) Plaintiff wrote that on February 17, 2023, his counsel left him a voicemail about his case; on August 21, 2023, Plaintiff called counsel and learned that his appeal was denied; and on August 24, 2023, Plaintiff called his local social security office and learned that the denial occurred on August 10, 2022. (ECF Nos. 13, 16.)

Plaintiff's former counsel says that it is "not only satisfied but certain" that in August 2022, he advised Plaintiff that (1) the District Court appeal was denied, (2) any further appeal must be filed within 60 days after August 10, 2022, (3) counsel was not optimistic about the likelihood of success of an appeal and thus would not file an appeal, and (4) accordingly, counsel's representation was terminated. (ECF No. 19 at 1.[1]) Former counsel proposes that Plaintiff might have forgotten or misunderstood counsel's advisement, considering Plaintiff's "age, memory and mental impairments," which were the subject of the Administrative Law Judge's findings, and which "may well have impaired [Plaintiff's] short-term memory and the ability to act upon even incorrectly remembered information." (*Id.* at 1-2.)

The Court begins with Appellate Rule 4(a)(6):

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, ***but only if all the following conditions are satisfied***:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the

---

[1] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

2

>  entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.
>
> [(emphasis added.)]

As the Commissioner points out, former counsel does not deny receiving electronic notice under Federal Rule of Civil Procedure 77(d) of the August 2022 Order within 21 days after entry. (ECF No. 20 at 1; *see generally* ECF No. 19.) The Court therefore has no reason to find that Plaintiff, through former counsel, did not receive notice of the entry of the Court's August 2022 Order within 21 days after entry. The condition of subsection (A) of Appellate Rule 4(a)(6) is not satisfied.

Nor can the Court find that either of subsection (B)'s conditions — that Plaintiff filed a motion (i) within 180 days after entry of the Court's August 2022 Order or (ii) within 14 days after his former counsel received notice — is satisfied. Plaintiff has not filed a motion; he filed a letter requesting an extension to file an appeal. Plaintiff filed that letter more than a year after the August 2022 Order's entry. And Plaintiff's former counsel represents that counsel relayed to Plaintiff the Court's August 2022 Order shortly after entry. (ECF No. 19.) Thus, neither subsection (A) nor (B) of Appellate Rule 4(a)(6) is satisfied.

The Court next considers Appellate Rule 4(a)(5), which permits the Court, upon motion, to extend the time to appeal if

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

3

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Under this rule, Plaintiff needed to move for an extension no later than November 8, 2022 — that is, 30 days after 60 days after entry of the August 10, 2022 Order. But Plaintiff did not request an extension until September 1, 2023.[2] (ECF No. 13.) As a result, the Court is without power to extend Plaintiff's time to appeal under Appellate Rule 4(a)(5). *See Zied-Campbell v. Comm'r Soc. Sec.*, 739 F. App'x 140, 142 (3d Cir. 2018) (ruling that plaintiff's late filing stripped the district court of authority to grant plaintiff's motion under Appellate Rule 4(a)(5)); *IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc.*, 788 F.2d 118, 122 n.1 (3d Cir. 1986) ("Because B & W did not so move until February 26, 1985—nine months after the judgment, the district court had no authority to grant its motion."); *Me v. United States*, Civ. No. 21-19396, 2022 WL 3500419, at *3 (D.N.J. Aug. 18, 2022) (ruling that plaintiffs' filing past Appellate Rule 4(a)(5)(i)'s 30-day grace period precluded relief).

For the reasons set forth above, and other good cause shown,

**IT IS** on this 28th day of November 2023, **ORDERED** as follows:

1. Plaintiff is not entitled to relief under Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6). Plaintiff's request for an extension of time to appeal is therefore **DENIED**.

2. The Clerk's Office is directed to **CLOSE** this case.

---

[2] Parties must file a motion to avail themselves of Appellate Rule 4(a)(5) relief. *See Poole v. Fam. Ct. of New Castle Cnty.*, 368 F.3d 263, 267 (3d Cir. 2004) ("We therefore held that an extension may not be granted under Appellate Rule 4(a)(5) unless a motion is filed."). The Court liberally construes *pro se* Plaintiff's letter as a motion.

3. The Clerk's Office is directed to mail Plaintiff a copy of this Memorandum Order at the Toms River address noted in Plaintiff's letter at ECF No. 16.

                                                                            **GEORGETTE CASTNER**
                                                                            **UNITED STATES DISTRICT JUDGE**